# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Messinger's Appeal.

In equity a master's findings upon matters of fact, which have been approved by the court, will be set aside on appeal only for plain error.

Either partner has implied power to employ counsel to render professional services when needful in the affairs of the firm, and to charge the firm with payment of reasonable counsel fees.

(Decided October 5, 1885.)

Appeal from a decree of the Common Pleas of Northampton County sitting in equity. Affirmed.

The suit was a bill for an accounting between partners. The

Cited in United Zion's Congregation v. German Evangelical Protestant Church, 5 Kulp, 441, as to review of master's findings of fact.

NOTE.—The appellate court will not review the findings of fact of a master based on evidence sufficient to submit to a jury. Logue's Appeal, 104 Pa. 136; Bugbee's Appeal, 110 Pa. 331, 1 Atl. 273.

The affirmance of the lower court is conclusive. Leonard v. Smith, 162 Pa. 284, 29 Atl. 915.

But, if the finding is not supported by the evidence, the supreme court will reverse. Worrall's Appeal, 110 Pa. 349, 1 Atl. 380, 765.

And the appellate court may examine the evidence and find a fact which the referee has failed to pass on. Leonard v. Smith, 162 Pa. 284, 29 Atl. 915. As to power of appellate courts in general, in reviewing evidence, see the following editorial notes containing an exhaustive presentation of the authorities on their respective subjects: Power to reverse conviction for in-

accounts were examined by a master, whose report upon them was approved by the court; and a decree ascertaining a balance was made accordingly. From this decree each partner appealed. So far as details of the facts are necessary to the understanding of any principles decided, they are sufficiently given in the opinion.

*S. V. B. Kachline* and *C. Albert Sandt* for Messinger.

*O. H. Meyers* and *W. S. Kirkpatrick* for Shimer.

OPINION BY MR. JUSTICE CLARK:

This is a proceeding in equity, by a bill for an account, between Reuben L. Shimer and Samuel S. Messinger, partners as Messinger & Shimer in the foundry business and in the manufacture of agricultural implements, in Northampton county. The case was submitted to a master, who took a large amount of testimony. To his report numerous exceptions were filed; much of the testimony and many of the exceptions, however, have ceased to be important, as a large number of the items of dispute have been, by the parties, withdrawn from the litiga-

sufficiency of evidence to sustain verdict, note to Armstrong v. State (Fla.) 17 L. R. A. 484; power to interfere with verdict for excessive damages, note to Burdict v. Missouri P. R. Co. (Mo.) 26 L. R. A. 384; inadequacy of damages as a ground for setting aside verdict, note to Benton v. Collins (N. C.) 47 L. R. A. 33.

One partner may bind the other in the purchase of goods. Merriman v. Liggett, 1 W. N. C. 379. Or give a valid warrant of attorney authorizing a suit on a contract made by the firm. Clarke v. Slate Valley R. Co. 136 Pa. 408, 10 L. R. A. 238, 20 Atl. 562. Or agree to the submission of a claim to the award of arbitrators. Taylor v. Coryell, 12 Serg. & R. 243; Gay v. Waltman, 89 Pa. 453.

As to powers of individual member of partnership, and liabilities of firm for his acts, see the following editorial notes presenting in full the authorities on their respective subjects: In regard to partnership real estate, note to Yorks v. Tozer (Minn.) 28 L. R. A. 86; liability of partnership for torts committed by individual member, note to Page v. Citizens' Bkg. Co. (Ga.) 51 L. R. A. 463; liability of partner for libel published without his consent, note to State v. Mason (Or.) 26 L. R. A. 779; criminal and penal liability for act of partner, note to Williams v. Hendricks (Ala.) 41 L. R. A. 650; criminal liability for act of individual member of insolvent banking partnership in receiving deposit, note to Com. v. Junkin (Pa.) 31 L. R. A. 125; attachment of individual property of one partner for fraud of another, note to Jaffray v. Jennings (Mich.) 25 L. R. A. 645.

tion, and some have been finally disposed of. The particular items which are the matters in dispute remaining are set forth in the several assignments of error. A number of these must be determined upon the evidence alone. Their decision involves a consideration of the veracity of the witnesses, and of conflicting evidence. It has been frequently held in the decisions of this court, that the finding of facts by a master, approved by the court, will only be set aside here for plain error. Kisor's Appeal, 62 Pa. 428; Sproull's Appeal, 71 Pa. 137; Burton's Appeal, 93 Pa. 214.

In the determination of these appeals, we will consider the various matters involved, in the order of the assignments of error in Messinger's Appeal, disposing of such of the assignments in Shimer's Appeal as may remain, at the close. The whole subject has been so elaborately and fully presented in the master's report, in the opinion of the court, and in the discussion of counsel, that any extended expression of our views must necessarily involve a useless repetition. We will, therefore, briefly state the conclusions, merely, at which we have arrived.

The 1st, 3d, and 4th assignments involve simple questions of fact, which have been settled by the master, and his findings have been approved by the court. We not only discover no plain error in the master's conclusions, but are of opinion that they are clearly sustained by the weight of the evidence. The several assignments, relating to the rent of the buildings, may be considered together. We entirely agree with the court below, that the writing must stand as the contract of the parties; there is certainly no evidence of fraud or mistake sufficient to reform the instrument or to show that a new and different contract was made; indeed, after a careful examination of all the testimony, we do not find that either party testified, or at any time even pretended, that any error existed in the contract respecting the payment of $200 rent, by Shimer. Nor do we discover anything in the subsequent conduct of the parties, which would, either by estoppel or otherwise, change their clear contract obligations. As to the increase of the rent, the mere acquiescence of the plaintiff, in the erection of new buildings and the subsequent use of them by the firm, under the special facts of this case, are plainly insufficient to establish any implied contract to pay more. At the date of the agreement, the buildings were

either erected or in process of erection, and it is reasonable to suppose that any intended increase would have been provided for. As the agreement is to pay rent, in the future, there is no ground for the claim that it covers a period of time prior to the articles, and the credit entered in the cash book by Messinger November 18, 1865, for the rent for the first six months, clearly shows that it was so understood.

The 6th and 8th assignments were not urged in the argument; they are without merit, and are dismissed.

As to the fees of counsel, in the case brought against the firm by the Hawkins Rake Company, we think the court was clearly correct. The right of either partner to employ counsel to defend the interests of the firm cannot be denied. When that action was brought, the present suit was pending, and, although the interests of the parties were identical, if Shimer felt that he was insecure in the hands of the counsel employed by Messinger, he had a right to employ others. It is immaterial that the counsel were employed by the individual partners; their employment was in the affairs of the firm, and the firm was bound for the price of their services. If $175, each, was a reasonable sum for those employed by Messinger, the master might well conclude that the same sum was sufficient to compensate the counsel of Shimer.

The 9th and 10th assignments involve simply the determination of a question of fact. The master and the court have both had this question under consideration, and, as they agree, we cannot reverse on that ground, except for plain error. On the one side, we have the testimony of the defendant himself, and of the bookkeeper, corroborated, as it is claimed, by the date of the draft, the books of the bank, etc. On the other side we have the testimony of the plaintiff, corroborated by the singular and inconsistent conduct of the bookkeeper, by the books of the firm, by the plaintiff's silence for three years, after he knew of the alleged error, and by the subsequent settlement of June 30, 1868, for the ascertainment of capital, etc. The veracity of the witnesses, the conflict of the evidence, and the force of these various corroboratory circumstances, were matters concerning which the master had peculiar opportunities to judge. He had the books before him, he saw the witnesses, observed their manner, and was thereby enabled with accuracy to judge of their

respective claims to credibility. Upon a full and careful investigation of the whole testimony, however, although the question is perhaps a close one, we are inclined to believe that the conclusions of the master and the court are correct. There is certainly not, at all events, such plain error as would justify a reversal.

The 12th and 13th assignments relate to the disallowance of certain credits, claimed by the defendant for services of his son, Geo. F. Messinger, for casting iron by the ton, in two distinct accounts, each composed of several items, the first amounting to $200.27, and the second to $662.84. The master, on due consideration of the whole case, in a most emphatic manner rejected both of these claims, and the learned court, in an opinion upon the exceptions, in a like emphatic manner sustained the master. We have, with some care, read the testimony contained in the paper book, and find the evidence relating to this subject exceedingly meager and unsatisfactory. The accounts are not printed; the books are not before us; the entries in the cash books, Weaver's statements and the ledger accounts, with the several exhibits referred to, are all omitted in the printing. In this condition of the evidence, how can we review intelligently the work of the master and of the court, and say that they were plainly wrong? If we must examine these accounts, we should have them before us. We cannot dispose of the case upon the conflicting assertions of counsel. We are told on the one side that the Weaver accounts did not embrace the ledger entries, and, on the other, that Messinger received credit in those accounts, and in the account stated by the master, for "ledger $2,177.52," which embraced the items in dispute, or some of them. If we had the accounts before us we might determine this dispute; but as the case is presented here, we must necessarily rest upon the decision of the master and the court, who had abundant opportunity to know how this was.

The 14th and 15th assignments are not sustained. The plaintiff, by the agreement, was to have credit for $2,170, as of October 12, 1868. From that date the defendant had used the whole joint stock as his own, claiming it by a purchase from the plaintiff; there was no stipulation for credit and the right to interest cannot be questioned.

The 16th, 17th, 18th, 19th, and 24th assignments are general in form, and are without merit.

The 20th and 21st assignments are dismissed. The case had been formally closed on February 8, 1878, not by rule, but by the agreement of the parties. That day was designated as the day to close the testimony; if either of the parties had any testimony to offer, an opportunity was given; if they failed to attend, the master had the right to consider the testimony closed. Whether he would afterwards open up the case to hear further evidence, was a matter in his discretion. We might, perhaps, in a proper case, remand the record in order to have that or any other omitted testimony taken; but we do not regard the matter excluded as of that importance. The 22d assignment is to the action of the court in striking out of the master's report a credit to Messinger for $330, the price of a slide lathe. If the price of the plaintiff's interest in the partnership stock had been fixed from the inventory, and that inventory, by clear mistake, embraced the slide lathe, this claim of the defendant would be entitled to some consideration. But it is perfectly clear, from the evidence, that the inventory was not the basis from which the price was ascertained. Shimer repudiated the inventory wholly, and made his offer of $2,170 upon grounds independent of it; and that offer was accepted. Nor was the slide lathe entered upon the inventory by mere mistake. Shimer claimed from the first that the lathe belonged to the firm, and not to Messinger; and that it was doubtless put in the appraisement in assertion of that claim. Whether the lathe, in fact, belonged to the common stock or not, is not material. Shimer claimed that it did, and sold his entire interest in the stock for a round sum, which sum Messinger agreed to pay, and he is bound to pay what he agreed.

The first and second errors assigned in Shimer's Appeal have been considered.

The facts concerning the account of M. G. Stier & Co. are certainly much confused; the testimony on that subject is very meager and unsatisfactory indeed. It appears by the books of Messinger and Shimer that $13.50 only was owing by M. G. Stier & Co. to the firm; but it also appears, by other evidence in the cause, that, at the settlement of this account, M. G. Stier & Co. settled with Shimer on account of the Nazareth Machine Co., with which Shimer was somehow connected, for $62.50, and also an order for $30, drawn by M. G. Stier & Co. to Jacob Beck, on Messinger & Shimer, for which Messinger & Shimer had credited Beck on his account. None of these transactions

appear upon the books. If this be true, and it does not appear to be denied, then the whole of the account or claim against M. G. Stier & Co. was not entered on the books, and the credit entered at the settlement was merely for what was necessary to square it.

The 3d assignment is, therefore, not sustained.

The 4th and 5th were without merit and are dismissed.

The decree of the Court of Common Pleas is affirmed and the appeal dismissed at the cost of the appellants.